UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　　v.<br><br>FROYLAN CONTRERAS,<br><br>　　　　　Petitioner. | No. CR-07-6036-FVS<br>　　CV-11-5033-FVS<br><br>ORDER DENYING PETITIONER'S<br>SECTION 2255 MOTION |

**THIS MATTER** comes before the Court without oral argument based upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Petitioner is proceeding pro se.

**BACKGROUND**

The Court sentenced Petitioner, on June 17, 2008, to a term of 151 months imprisonment following his entry of a guilty plea to the offense of possession of a controlled substance (methamphetamine) with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Judgment was entered on June 20, 2008, and Petitioner appealed his sentence June 25, 2008. On November 2, 2009, the Ninth Circuit Court of Appeals issued its mandate affirming the District Court's ruling. (Ct. Rec. 127). On February 18, 2011, over one year and three months later, Petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 1

**STANDARD**

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

The statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The rules regarding Section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), Rules-Section 2255 Proceedings. Thus, when a Petitioner fails to state a claim upon which relief can be granted or when the

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 2

motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

**DISCUSSION**

**I.  Statute of Limitations**

    A one-year limitation period applies to the filing of a Section 2255 motion.  The one-year limitation period runs from the date Petitioner's judgment of conviction became final.  Petitioner took a direct appeal but did not seek certiorari.  In these circumstances, the limitations period began to run ninety days after the direct appeal was denied.  *Derman v. United States,* 298 F.3d 34, 41-42 (1st Cir. 2002).  Petitioner's direct appeal was denied on November 2, 2009, so the period began to run on January 31, 2010, the date his conviction became final.  Petitioner therefore had until January 31, 2011, to file a section 2255 motion.  Petitioner's Section 2255 motion, dated February 1, 2011, was received by the Court on February 18, 2011.  Because Petitioner failed to file his petition by January 31, 2011, Petitioner's Section 2255 motion is time-barred, absent a showing of equitable tolling.

    Given that Petitioner has not claimed any external circumstances delayed him from timely filing his petition, Petitioner is unable to establish that he is entitled to the equitable tolling exception. *See, Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to timely file a claim, equitable tolling may be appropriate.").

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 3

Petitioner's Section 2255 motion was not filed within one year from the date his judgment of conviction became final, and Petitioner is not entitled to the equitable tolling exception. Accordingly, Petitioner's claims are barred as untimely.

**II. Procedural Default**

In any event, Petitioner has procedurally defaulted his Section 2255 claims by failing to raise them on direct appeal to the Ninth Circuit.

Courts generally apply a procedural default rule barring Section 2255 relief on claims Petitioner could have, but did not raise on appeal. *Reed v. Farley*, 512 U.S. 339 (1994) (where petitioner, whether state or federal prisoner, fails to properly raise claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice from the alleged violations). On direct appeal, Petitioner challenged only the Court's order denying his motion to suppress. (Ct. Rec. 126). Petitioner did not raise any of the claims asserted in his current petition on direct appeal. (Ct. Rec. 128). Since Petitioner has defaulted these claims, he cannot rely upon them to obtain relief under 28 U.S.C. § 2255 unless he demonstrates both cause for the default and actual prejudice as a result of the errors that allegedly occurred. *United States v. Mejia-Mesa*, 153 F.3d 925, 928 (9th Cir. 1998). Petitioner has not shown cause for the default or actual prejudice from the alleged violations.

Petitioner failed to assert his claims on direct appeal, and he has not established cause or actual prejudice. Accordingly, Petitioner's claims are also barred as procedurally defaulted.

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 4

It "plainly" appears from the face of Petitioner's Section 2255 motion and the prior proceedings in the case that Petitioner is not entitled to relief.  Therefore, it is not necessary to direct the United States Attorney to file a response to the motion and it is not necessary to conduct an evidentiary hearing.  Summary dismissal is appropriate.

The Court being fully advised, **IT IS HEREBY ORDERED** that Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (**Ct. Rec. 128**) is **DENIED**.

**The District Court Executive shall close this file as well as the corresponding civil case:  CV-11-5033-FVS.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order, furnish copies to **PETITIONER** and counsel for the Government, and **CLOSE THE FILES**.

**DATED** this ___16th___ day of March, 2011.

                                          S/Fred Van Sickle
                                             Fred Van Sickle
                              Senior United States District Judge